UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| QUENTIN OWENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 13 C 5005 |
| ) | |
| CAROLYN W. COLVIN, Acting Commissioner ) | Magistrate Judge Susan E. Cox |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff's motion for summary judgment is granted [dkt. 20]. We remand to re-examine the Commissioner's decision using the factors set forth in Social Security Act, 42 U.S.C. sections 423 *et seq*. Defendant's motion for summary judgment is denied [dkt. 27].

## STATEMENT

Plaintiff Quentin Owens filed for disability claiming emotional problems, back problems, and depression.[1] Plaintiff had worked for 11 years as an order carrier, or runner, for brokers and traders, but was laid off in April of 2008.[2] Plaintiff explained that the job required heavy lifting and being on his feet most of the day.[3] But plaintiff claimed at his hearing before the Administrative Law Judge ("ALJ") that he could no longer work because of "constant worry," and the "stressful condition of my mental facilities."[4]

The ALJ found plaintiff had the severe impairments of post-traumatic stress disorder with anxiety and depression, and morbid obesity.[5] The ALJ, however, determined that plaintiff was not disabled, and could still perform medium work because of lack of treatment records and

---

[1] R. at 117.
[2] R. at 37.
[3] *Id.*
[4] R. at 42.
[5] R. at 12.

1

plaintiff's failure to provide sufficient evidence to meet the preponderance of the evidence standard required to establish disability.[6]

We must sustain the ALJ's finding if it is supported by substantial evidence and is free of legal error.[7] Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion.[8]

Plaintiff asserts the ALJ committed several errors in his analysis, but focuses principally on plaintiff's lack of counsel at the hearing and the ALJ's apparent rejection of the psychological consultative examiner, James Ascough, Ph.D. First, plaintiff argues that his waiver of counsel at the hearing was invalid. A review of the transcript shows that the ALJ asked plaintiff if he wanted to continue with the hearing or whether he wanted additional time to find an attorney.[9] Because plaintiff was on the phone, claimant first indicated he could not hear the ALJ. The ALJ repeated the question, after which plaintiff asked "if I was to continue this hearing without an attorney would that affect my chances?" The ALJ responded that he did not know if it would affect plaintiff's chances, that he would not give legal advice, but that attorneys "know the law," and know "what questions to ask."[10] Plaintiff then asked the same question again about his chances, and the ALJ again stated he could not answer such a question. Then plaintiff indicated he wanted "to go forward."[11]

A claimant has a statutory right to counsel at a disability hearing.[12] The right to counsel may be waived if the ALJ obtains a valid waiver. To ensure a valid waiver the ALJ must explain the following to the pro se claimant (so that the explanation is understood): (1) the

---

[6] R. at 17.
[7] 42. U.S.C. § 405(g).
[8] *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011) (citing *Nelms v. Astrue*, 553 F.3d 1093, 1097 (7th Cir. 2009)).
[9] R. at 32.
[10] *Id.*
[11] R. at 33.
[12] 42 U.S.C. §406, 20 C.F.R.§404.1700.

manner in which an attorney can aid in the proceedings; (2) the possibility of free counsel or a contingency agreement; and (3) the limitation on attorney fees to 25 percent of the past-due benefits and required court approval of the fees.[13]

From the record before us, it is not clear that plaintiff fully understood his rights. We, therefore, move on to the second question. Even if we find that plaintiff was provided inadequate notice of the right to counsel, we can only remand if the ALJ did not fully and fairly develop the record.[14] "The ALJ's duty to develop the record fully and fairly where the claimant proceeds without counsel is met if the ALJ probes the claimant for possible disabilities and uncovers all of the relevant evidence."[15] It is the government's burden to show that the record was indeed adequately developed.[16]

We do not find that the government has met its burden here. As argued by plaintiff, his mental impairments are the most important aspect of his claim. But only one mental health practitioner examined plaintiff, Dr. Ascough, and that was for purposes of his disability application. He found plaintiff to have serious impairments in social functioning.[17] Yet the ALJ did not afford him significant (if any) weight.[18] Instead, the ALJ relied on the State agency psychological consultants who simply reviewed plaintiff's admittedly limited medical evidence.[19] Noting this, the ALJ relies heavily on the lack of additional objective evidence, and plaintiff's lack of mental health treatment, in finding that he can still work.[20] The ALJ does not address, however, plaintiff's testimony that despite his "constant worry" he does not have "any

---

[13] *See, e.g., Binion v. Shalala*, 13 F.3d 243, 245 (7th Cir. 1994); *see also* Social Security Ruling (SSR) 79-19 (the individual should fully understand his or her rights to be represented by an attorney or other person) (emphasis added).
[14] *Binion*, 13 F.3d at 245.
[15] *Id.*
[16] *Id.*
[17] R. at 17.
[18] R. at 17.
[19] R. at 14.
[20] R. at 17-18.

medical coverage" to seek help.[21] We find this troubling. The ALJ concludes that there is "no new and material evidence to contradict" the opinions of the State agency psychological consultants who reviewed plaintiff's record (and found only mild and moderate limitations) but fails to account for plaintiff's constraints in seeking treatment.[22]

In addition, the government references that plaintiff worked for 11 years without any indication that he lacked the ability to work. But as we have stated before, without an assessment of what plaintiff's condition was while he was employed, we are not able to fully review the ALJ's finding that plaintiff is able to perform medium work. And perhaps it is possible that plaintiff can be treated with access to regular medical care. But without such a suggestion in the record, the possibility of treatment that could, potentially, enable plaintiff to work is also not a defense to a claim for benefits.[23]

Particularly because plaintiff was unassisted by counsel, the ALJ had a duty to "'scrupulously and conscientiously'" explore the facts of this case.[24] We find that a remand is warranted to allow a more thorough development of the evidentiary record. Plaintiff's motion for summary judgment is, therefore, granted [dkt.20] and the Commissioner's motion for summary judgment is hereby denied [dkt. 27].

**ENTER:**
**DATED:** <u>January 9, 2015</u>     /s/ Susan E. Cox_____

　　　　　　　　　　　　　　　　　　　　　　　Susan E. Cox
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[21] R. at 42.
[22] R. at 14; *see also Craft v. Astrue,* 539 F.3d 668, 679 (noting that an ALJ must explore the claimant's explanations for lack of medical care, and drawing a negative inference from a lack of medical care can be error when caused by inability to pay).
[23] *See Wilder v. Chater,* 64 F.3d 335, 336-37 (7th Cir. 1995).
[24] *See Smith v. Secretary of Health, Ed. and Welfare,* 587 F.2d 857, 861 (7th Cir. 1978).